IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY DARNELL EDWARDS, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| V. | § | Civil Action No. 3:10-CV-6-M |
| | § | |
| LORIE DAVIS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER
## TRANSFERRING SUCCESSIVE HABEAS PETITION

On January 10, 2017, Petitioner Terry Darnell Edwards, a Texas death-row inmate set for

execution on January 26, filed a document purporting to be a motion to alter or amend judgment

under Rule 60(b) of the Federal Rules of Civil Procedure (Motion, doc. 83).   On January 13,

Edwards file his related request to stay his execution (Stay Application, doc. 87), and on January 17,

his amended request (Amended Stay Application, doc. 88).   On January 17, Respondent filed a

response in opposition (Response, doc. 89).   Because Edwards' motion for relief under Rule 60(b)

seeks to advance new claims, it is considered a successive petition that this Court lacks jurisdiction

to consider and is transferred to the United States Court of Appeals for the Fifth Circuit along with

the applications to stay his execution.

## I. PROCEDURAL HISTORY

Edwards was convicted of capital murder and sentenced to death as a party to the July 2002

robbery and murder of two clerks in the sandwich shop where his employment had been terminated.

(Mem. Op. and Order, doc. 22, at 1-2.)  His conviction and sentence were affirmed on direct appeal.

*Edwards v. State*, No. AP 74,844, 2006 WL 475783 (Tex. Crim. App. 2006). Edwards filed an

application for a post-conviction writ of habeas corpus in state court that was denied by the Texas

Court of Criminal Appeals ("CCA"). *Ex parte Edwards*, No. WR-73027-01, 2009 WL 4932198

(Tex. Crim. App. 2009). Edwards then filed a petition for writ of habeas corpus in this court

(Petition, doc. 6), asserting six grounds for relief:

> 1. The trial court's denial of Edwards' motion to quash a panel of venirepersons that
> included James Redden deprived Edwards of a fair and impartial jury (Pet. at 30-34);
>
> 2. The trial court's grant of the State's challenge for cause of prospective juror
> Cecelia Hurley deprived Edwards of a fair and impartial jury (Pet. at 35-39);
>
> 3. The trial court's grant of the State's challenge for cause of prospective juror Byron
> Keith Tatum deprived Edwards of a fair and impartial jury (Pet. at 35-39);
>
> 4. Trial counsel's failure to challenge the Dallas County venire selection process as
> violating Edwards' right to a jury consisting of a fair cross section of the community
> constituted ineffective assistance of counsel (Pet. at 39-47);
>
> 5. The trial court's denial of his challenges for cause of prospective jurors Bobby
> Jack Sims and Edward Hernandez deprived Edwards of a fair and impartial jury (Pet.
> at 47-49); and
>
> 6. The failure of Edwards' counsel on direct appeal to raise any claims regarding the
> improper denial of Edwards' challenges for cause of Sims and Hernandez constituted
> ineffective assistance (Pet. at 50).

(Mem. Op. and Order at 2.) This Court denied relief. *Edwards v. Stephens*, 2014 WL 3880437

(N.D. Tex. Aug. 6, 2014), *certificate of appealability denied*, 612 F. App'x 719 (5th Cir.), *cert.*

*denied*, 136 S. Ct. 403 (2015). Edwards now seeks to alter or amend that judgment under Rule 60(b)

of the Federal Rules of Civil Procedure.

## II. GROUNDS

Edwards' motion for Rule 60(b) relief seeks to reopen the habeas corpus proceedings for the

purpose of presenting new claims for habeas relief that (1) his jury selection was constitutionally

flawed in that (a) the prosecutor and defense counsel improperly agreed to excuse jurors in violation

of *Batson v. Kentucky,* 476 U.S. 79 (1986), (b) unqualified jurors were seated on the jury, (c) seated

jurors improperly engaged in premature deliberations, and (d) the jury foreperson was seated despite

making materially false representations (Mot. at 34-41), (2) Edwards was not the shooter as the

prosecutor argued to the jury that convicted and sentenced him to death (Mot. at 41-63), (3) the

prosecutor introduced false evidence of a prior unadjudicated extraneous offense to get the death

penalty (Mot. at 64-68), (4) the prosecutor failed to disclose exculpatory evidence that Edwards was

not the shooter and that he did not commit the extraneous offense as they argued (Mot. at 42-68),

and (5) trial counsel were ineffective in agreeing with the prosecutor to excuse jurors and in failing

to investigate and present readily available evidence that Edwards was not the shooter, did not

commit the extraneous offense, and that his family and the victim's family would have testified in

mitigation of the death penalty (Mot. at 34-68).  Edwards also requests a stay of his execution (Stay

App.; Am. Stay App.).

In her response, Respondent asserts that Edwards' Motion constitutes a second or successive

habeas petition that this Court does not have jurisdiction to consider because it has not been

authorized by the United States Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C.

§ 2244(b)(3).  (Resp. at 17-20).  Respondent argues that Rule 60(b) relief is not available to Edwards

because the grounds presented do not constitute a defect in the integrity of the proceedings and do

not constitute the extraordinary circumstances required for Rule 60(b) relief.  (Resp. at 4-15.)

Respondent also asserts that the motion is untimely.  (Resp. at 15-17.)  In the alternative, Respondent

argues that Edwards' claims are time-barred, procedurally barred, and meritless.  (Resp. at 20-50.)

3

Finally, Respondent argues that a stay of execution is not warranted. (Resp. at 50-56.)

### III. LAW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

> (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Edwards may file his application in federal district court. *Id.* § 2244(b)(3).

### IV. ANALYSIS

As Edwards acknowledges, a previous habeas challenge to his conviction has been denied by this Court. *See Edwards v. Thaler,* No. 3:07-cv-1284-P, 2011 WL 1666937 (N.D. Tex. May 3, 2011), *COA denied,* 695 F.3d 372 (5th Cir. 2012), *cert. denied,* No. 12-7748, 2013 WL 1091816 (Mar. 18, 2013). The threshold jurisdictional question is whether Edwards' motion advances one

or more claims that were, or could have been, made in the earlier petition. This distinguishes a motion made under Rule 60(b) from a successive petition under 28 U.S.C. § 2244(b).

### A. *Jurisdiction*

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court provided guidance on whether a motion filed under Rule 60(b) should be construed as a successive petition under § 2244.

> In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing to "excusable neglect," Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. *Cf. Harris v. United States*, 367 F.3d 74, 80-81 (C.A.2 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. *E.g., Rodwell v. Pepe*, 324 F.3d 66, 69 (C.A.1 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap v. Litscher*, 301 F.3d 873, 876 (C.A.7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g., Rodwell, supra,* at 71-72; *Dunlap, supra,* at 876.
>
> We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute.

*Id.* at 530-31.

Although recognizing that "Rule 60(b) may not itself be used to raise new claims for habeas corpus relief after a first habeas corpus proceeding has become final" (Mot. at 29), Edwards' motion expressly sets forth its purpose "to reopen [the] judgment in order for Mr. Edwards ... to then present meritorious claims that his previously lawyers failed to develop and otherwise completely

ignored."[1] (Mot. at 1.) The motion seeks to rectify "the severe constitutional violations in this case that are at risk of going unaddressed." (Mot. at 68.) Edwards plainly seeks to reopen his case to present new claims.

"Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction–even claims couched in the language of a true Rule 60(b) motion–circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez,* 545 U.S. at 531 (citing § 2244(b)(2)). In announcing this rule, the Supreme Court cited with approval the opinion in *Harris v. United States,* 367 F.3d 74 (2d Cir. 2004), in which the United States Court of Appeals for the Second Circuit rejected an attempt to reopen a case under Rule 60(b) to present a claim that was missed because of the asserted ineffective assistance of prior federal habeas counsel. The Supreme Court observed that "[i]n most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple. A motion that seeks to add a new ground for relief, as in *Harris, supra,* will of course qualify." *Gonzalez,* 545 U.S. at 532.

Since Edwards seeks to add new grounds for relief from his state-court conviction and sentence, his motion "advances one or more claims" under this standard. Because he seeks to raise claims "challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition," it is successive. *In re Sepulvado,* 707 F.3d 550, 553 (5th Cir. 2013) (quoting *In re Cain,* 137 F.3d 234, 235 (5th Cir.1998)). Therefore, his motion appears to be a successive habeas

---

[1]This purpose was repeated throughout the motion. "Upon reopening, substituted counsel would bring meritorious claims." (Mot. at 29). "In this case, the equities require judicial intervention, so that the severe constitutional infirmities may be heard." (*Id.*) "If Reopened, Petitioner Would Have Various Procedural Avenues To Bring Meritorious Claims." (*Id.*) "Mr. Edwards will raise these claims in an amended petition after this Court reopens the case." (*Id.* at 34 n.20).

petition that requires Circuit authorization before this Court has jurisdiction under 28 U.S.C. §

2244(b).

### B. *Rule 60(b) Relief*

Edwards asserts that he is not attacking the substance of the federal court's denial of relief,

but challenging a defect in the integrity of the federal habeas proceedings. (Mot. at 16-18.) This is

a close question.

Edwards relies upon *Clark v. Stephens,* 627 F. App'x 305 (5th Cir. 2015), an unpublished

opinion granting a certificate of appealability to appeal a district court's denial of a Rule 60(b)

motion because reasonable jurists could debate whether habeas counsel's conflict of interest could

warrant relief from the judgment. The cited opinion states,

> The State argues that Clark's Rule 60(b)(6) motion should be construed as an impermissible successive habeas petition. Relying on *Gonzalez v. Crosby*, the State asserts that Clark should not be able to use a Rule 60(b) motion to relitigate the merits of his IATC claim. A Rule 60(b) motion is not successive under *Gonzalez* if it attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." However, a Rule 60(b) motion based on "habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably."

*Id.* at 308 (footnotes omitted) (quoting *Gonzalez,* 545 U.S. at 532 n.5). In that opinion, the Court

of Appeals did not resolve this question in holding that reasonable jurists could debate whether the

federal habeas proceeding was defective. *See id.* at 309. Although it is not clear, the holding in

*Clark* appears to make a distinction between an ordinary omission and a conflict of interest that

prevents counsel from arguing his own ineffectiveness as state habeas counsel.

In *Clark,* the original federal habeas petition asserted a claim that trial counsel was

ineffective for failing to present mitigating evidence at trial and was supported by new evidence that

7

was not presented to the state court. Under *Cullen v. Pinholster,* 563 U.S. 170 (2011), the Court of Appeals refused to consider this new evidence and affirmed the denial of his petition. *See id.* at 306. In his Rule 60(b) motion, Clark argued that the new evidence was substantial and would have fundamentally altered his claim, making it an unexhausted claim that would have come within the *Martinez* exception to procedural bar and could have been considered. *See Clark,* 627 F. App'x at 308 (citing *Martinez v. Ryan,* 132 S. Ct. 1309 (2012)). The issue presented in *Clark* was whether his original federal habeas counsel had a conflict of interest because he also served as Clark's state habeas counsel and, in light of the Supreme Court's decisions in *Martinez* and *Trevino,* could not have been expected to argue his own ineffectiveness to overcome the procedural default. *See id.* at 307-08. Edwards does not present this type of conflict.

Edwards does not claim that his original federally appointed counsel Rick Wardroup also represented him in state court. Edwards acknowledges, and the record plainly shows, that he was represented by a different attorney, C. Wayne Huff, in the state habeas proceedings. (Mot. at 11.) Edwards does not assert that Mr. Wardroup had any connection with Mr. Huff, had any involvement in Edwards' representation in the prior state court proceedings, or was in any way ethically prohibited from complaining of the ineffective assistance of any of his prior attorneys at any time before the original federal habeas petition was filed on December 15, 2010 or the AEDPA limitations period expired the next day. Therefore, he has not shown the type of conflict of interest presented in *Clark*.

Instead, Edwards argues that four months *after* his petition was filed and the limitations period expired Wardroup accepted full-time employment with the Texas Criminal Defense Lawyers Association and ceased working on Edwards' case. (Mot. at 12-15, 20-26.) This Court is deeply

8

troubled by the allegations of abandonment by federally appointed counsel.  But as unfortunate as that may be, Edwards has not shown how that could have impacted anything that was, or could have been, presented during the limitations period that had expired months before such employment began.  Edwards has not identified any claim that had been asserted in his original habeas petition that could have benefitted from any change in law resulting from *Martinez*.  Since *Martinez* did not create a new rule of constitutional law made retroactive on collateral review within the meaning of 28 U.S.C. § 2244, it did not start a new one-year statute of limitations period under the AEDPA.  *See In re Paredes,* 587 F. App'x 805, 813-14 (5th Cir. 2014); *Adams v. Thaler,* 679 F.3d 312, 322 n.6 (5th Cir. 2012).  Therefore, any newly asserted claims would then have been subject to a time bar.[2]

The holding in *Clark* that an attorney's conflict of interest could constitute a defect in the integrity of habeas proceedings does not appear to support Rule 60(b) relief when a *Martinez* conflict is not presented and *Martinez* is not otherwise shown to have an impact on this case.  Therefore, Edwards' motion does not warrant relief under Rule 60(b).  Even so, reasonable jurists may differ on whether the abandonment by counsel could be the sort of defect in the integrity of the federal habeas proceedings that could warrant Rule 60(b) relief.

### C. *Successive Petition*

Edwards seeks to reopen the prior proceedings to make new claims that were not, but could have been, asserted by prior federal habeas counsel.  His motion constitutes a successive habeas petition that requires authorization under 28 U.S.C. § 2244(b)(3).  Because the Court of Appeals has

---

[2] Although Edwards argues that his proposed new claims would "relate back" to the original habeas petition, he does not identify any claims asserted in that original petition that the new claims would relate back to.  (Mot. at 31-32.)  Further, Respondent points out that new evidence could not be considered in support of any exhausted claims under *Pinholster*.  (Resp. at 22-23 (citing *Mayle v. Felix*, 545 U.S. 644, 664 (2005) ).)

not issued an order authorizing this Court to consider this successive Section 2254 petition, this Court is without jurisdiction to do so.  This Court may either dismiss the motion for lack of jurisdiction, or it may transfer it to the Court of Appeals.  *See In re Hartzog,* 444 F. App'x  63, 654 (5th Cir. 2011) (citing *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000)).

"Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Miller v. Hambrick,* 905 F.2d 259, 262 (9th Cir. 1990).  These concerns are heightened when considering whether to stay an execution.  *See, e.g., Ford v. Wainwright,* 477 U.S. 399, 411 (1986) (discussing special concerns arising in capital proceedings leading up to an execution); *Hearn v. Thaler,* No. 3:12–CV–2140–D, 2012 WL 2715653 (N.D. Tex., July 9, 2012) (Fitzwater, C.J.).  The Court finds that it is in the interest of justice to transfer the motion to the Court of Appeals rather than dismiss.

### D. *Motions to Stay Execution*

In connection with his motion to obtain Rule 60(b) relief, Edwards has filed an original and amended application to stay his execution (Stay App., doc. 87; Am. Stay App., doc. 88).  This Court's jurisdiction to grant these motions relies upon jurisdiction to consider the motion to obtain Rule 60(b) relief.  Because this Court lacks jurisdiction over the motion for Rule 60(b) relief, it lacks jurisdiction to rule on these motions as well.  *See Hawkins v. Stephens,* No. 2:14-CV-314, 2015 WL 3882422, at *1 (S.D. Tex. June 17, 2015) (Ramos, J.), *appeal dismissed* (5th Cir. Feb. 29, 2016) (citing *United States v. Key,* 205 F.3d 773, 775 (5th Cir. 2000); *In re Sepulvado,* 707 F.3d at 552.  It is in the interest of justice to transfer these motions to the Court of Appeals as well.

* * *

Edwards' motion for relief under Rule 60(b) (doc. 83) is a successive application for habeas

relief and is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit along with

the original and amended applications to stay his execution (doc. 87, 88)  *See Henderson v. Haro,*

282 F.3d 862, 864 (5th Cir. 2002).

The Clerk of Court is **DIRECTED** to open for statistical purposes a new civil action (nature

of suit 535 – death penalty habeas corpus – assigned to the same district judge) and to close the same

on the basis of this Order.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure

22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

the Court **GRANTS** a certificate of appealability on the question of whether the effective

abandonment of Petitioner by his federally appointed habeas counsel constitutes a defect in the

integrity of the original habeas proceedings that may authorize Rule 60(b) relief in this Court.

Reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling."

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  Petitioner has previously been allowed to proceed in

forma pauperis and this status is continued for purposes of appeal.  (Mem. Op. and Order, doc. 22,

at 29.)

**SO ORDERED** this _19_ day of January, 2017.


BARBARA M. G. LYNN
CHIEF JUDGE